GORSUCH, Circuit Judge,
concurring.
I am pleased to join Chief Judge Henry’s thoughtful opinion and write only to add a couple observations about the statute’s plain language. When he presented his net worth statement to the probation officer in this case, Mr. Manning did something more than submit his false statement to a judge; he also made a false statement, in a matter within the jurisdiction of the judicial branch, to a probation officer (not a judge or magistrate) for that officer’s use and consideration. Under the plain and unambiguous terms Congress chose to employ in 18 U.S.C. § 1001(a) & (b), this is a crime.
1. The question before us involves the interplay between two subsections of 18 U.S.C. § 1001. Subsection (a) makes it illegal to lie or conceal material facts “knowingly and willfully” in “any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.” (emphases added). The breadth of subsection (a) is well known and often remarked upon. See, e.g., United States v. Rodgers, 466 U.S. 475, 479, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984) (noting the “sweeping language Congress enacted” in 18 U.S.C. § 1001). There is, however, an exception pertinent for our purposes provided by subsection (b): criminal liability does not attach to “statements, representations, writings or documents submitted by [a party to a judicial proceeding] or counsel to a judge or magistrate in that proceeding.” 18 U.S.C. § 1001(b).[1] Reading these two provisions together, we can deduce a couple things about Congress’s intentions. First, Congress was well aware that statements submitted to judges and magistrates are not coextensive with (but rather a subset of) the total universe of statements made in matters within the jurisdiction of the judicial branch. Second, Congress intended for criminal liability to attach generally to those statements made in matters within the jurisdiction of the judicial branch, excepting only those false statements submitted to a judge or magistrate. That Congress did not intend that all false statements made in judicial matters be free from prosecution under Section 1001 is evidenced by its inclusion of the judicial branch in subsection (a) and the narrow and specific language (“submitted ... to a judge or magistrate”) it employed in subsection (b)’s exception.
*622 In this case, it is undisputed that Mr. Manning gave his misleading statement of net worth to a probation officer. That would seem, on its face, to make him susceptible to criminal prosecution under subsection (a). Sentencing, after all, is a matter within the jurisdiction of the judicial branch, and Mr. Manning made a false representation in that matter. Mr. Manning contends he is immune from prosecution, however, because the information in his statement to the probation officer eventually made its way, or should have made its way, to the judge in his case. This misconceives the nature of the statutory test. Even if we assume that the probation officer had no choice other than to submit a verbatim report of the defendant’s response directly to the judge, the plain language of subsections (a) and (b) does not close the door to prosecution for making the same false statements to someone operating within the jurisdiction of the judicial branch, other than a judge or magistrate in the course of a judicial proceeding. Put another way, subsection (b) protects only statements submitted to a judge or magistrate; it does not protect flogging (even the same) false statements to others in the government, whether in the judiciary or other branches.
For example, suppose Mr. Manning was criminally accused of misappropriation by a fiduciary and was being independently pursued by the Internal Revenue Service (“IRS”) for the payment of back taxes. We wouldn’t presume for a minute that he could avoid prosecution for providing the IRS with false information simply because he or the IRS forwarded those documents to the judge in his criminal proceeding. This would be the case even if Mr. Manning knew with absolute certainty that the IRS would supply the court with his false documentation. I see no reason in the text of the statute to justify a different result in our case.
2. That a prosecutable offense took place here is further underscored by the plain meaning of the subsection (b)’s term. Congress excepted from prosecution only items “submitted ... to a judge or magistrate.” The term “to submit” means to “send or commit for consideration, study, or decision.” Webster’s Third New International Dictionary 2277 (2002).[2] To submit a document to a judge, then, is to “send or commit [it] for [his or her] consideration, study, or decision.”
To be sure, one might well say that a document delivered to the judge in care of a docketing clerk or administrative assistant is only “submitted ... to a judge” and thus not susceptible to prosecution. After all, our rules often prescribe the use of such intermediaries when sending documents to a judge. See, e.g., Fed.R.Crim.P. 49(d) (requiring papers to be filed in the manner provided for in a civil action); Fed.R.Civ.P. 5(d)(2) (“A paper is filed by delivering it ... to the clerk.”); accord United States v. Horvath, 492 F.3d 1075, 1082 (9th Cir.2007) (Rymer, J., dissenting) (“[T]he judge would receive these things personally if only he or she had enough time and arms.”).[3]
*623 But a probation officer is no mere judicial delivery service. By rule, probation officers are assigned responsibility for calculating a recommended Guidelines range, see Fed.R.Crim.P. 32(d)(1)(C), compiling information sufficient to determine an appropriate restitution amount, see Fed. R.Crim.P. 32(c)(1)(B) & (d)(2)(D), and making other sentencing recommendations to the judge, see, e.g., Fed.R.Crim.P. 32(d)(1)(E) & (d)(2)(C)-(F). By statute, Congress has recognized all this: “A United States probation officer shall make a presentence investigation of a defendant that is required pursuant to the provisions of Rule 32(c) of the Federal Rules of Criminal Procedure, and shall, before the imposition of sentence, report the results of the investigation to the court.” 18 U.S.C. § 3552(a). As the Administrative Office has summarized, the probation officer “is responsible for gathering all pertinent facts about the defendant and the offense, verifying the information gathered, interpreting and evaluating the data, applying the facts to the advisory guidelines and statutes, and presenting the information in an organized, objective report.” Administrative Office of the United States Courts, Office of Probation and Pretrial Services, The Presentence Investigation Report at II — 1 (rev. March 2006) (emphases added).
So, when a defendant presents information to the probation officer, he or she does not merely (only) send it to the judge or commit it to a judge’s consideration. Rather, the defendant also presents the statement for the probation officer’s use, consideration, and study. In this way, something more than a mere “submission to a judge” takes place. Indeed, in light of the probation officer’s role as fact-gatherer, information-verifier, data-interpreter, guidelines-applier, and sentence-recommender, Mr. Manning’s false statement was, in a very real way, “submitted” to the probation officer (even if,. perhaps, also to the judge) for his consideration and study. As Judge Rymer has explained, “while a defendant’s statements to a probation officer may indirectly be •for the judge’s consumption, they are directly ‘to’ the probation officer and directly influence the probation officer’s sentencing recommendations.” United States v. Horvath, 492 F.3d 1075, 1083 (9th Cir.2007) (Rymer, J., dissenting) (emphasis added); see also United States v. Horvath, 522 F.3d 904, 914 (9th Cir.2008) (Kozinski, J., dissenting from denial of rehearing en banc) (“Since the probation officer clearly has an independent role to play, quite aside from any function he may serve as the conduit to a judicial officer, the whole controversy about whether he is a proxy is entirely beside the point.”). Because more than a “submission] ... to a judge” took place, Mr. Manning’s activities fall outside the protected, but limited, scope of subsection (b), making him susceptible to prosecution under subsection (a).
3. Though I have so far assumed, for the sake of argument, that the probation officer is required to pass along to the judge in an unadulterated form each and every thing the defendant may choose to hand over — i.e., that a statement given to a probation officer can also be considered submitted to a judge — as Chief Judge Henry points out, this is not the ease. Slip Op. Part II.B.3; see also Horvath, 522 F.3d 904, 907-911 (Bea, J., dissenting-from denial of rehearing en banc). This fact, in turn, further confirms the probation officer’s statutory role at sentencing and *624 serves to underscore that something more than a protected “submission] ... to a judge” took place here.
While there is much, of course, that the probation officer must include in a PSR, see Fed.R.Crim.P. 32(d)(l)-(2), this is not necessarily the whole universe of information that a defendant might discuss with or provide to a probation officer during a presentence interview. There is always the possibility that the pair will discuss other things and, thus, that scraps will be left on the cutting room floor because their inclusion in a PSR is not mandatory.
Further, Rule 32’s commands about the contents of a PSR speak only in terms of what information — that is, underlying-facts — must be included; the rule nowhere requires the probation officer to include defendant’s actual writings or statements. A probation officer is thus more private investigator than postal service, and his or her role is not to transmit documents but to “evaluate [] the sentencing information presented by the respective parties.... ” Daniel J. Sears, Practice Under the Federal Sentencing Guidelines: Bargaining for Freedom, 22 Colo. Law. 485, 489 (1993) (emphasis added); see also Horvath, 492 F.3d at 1082 (Rymer, J., dissenting) (“[T]he probation officer’s obligation is to submit a report that contains information on the defendant’s history and characteristics, not from the defendant.”).
Even with respect to the information that must be included in the PSR, moreover, there is still ample room for discretion. For example, when restitution is at issue, the PSR must contain “information sufficient for a restitution order.” Fed. R.Crim.P. 32(d)(2)(D) (emphasis added); Op. at 618. But how does a probation officer know what information is sufficient? Why does the PSR include the information culled from bank records that defendant has $5,000 in savings, but not that defendant’s daughter has a piggy bank on her dresser? Because the probation officer exercises a degree of discretion. Likewise, while a PSR must contain information on the defendant’s history and circumstances, including “any circumstances affecting the defendant’s behavior that may be helpful in imposing sentence ...” Fed.R.Crim.P. 32(d)(2)(A)(iii) (emphases added), how does the probation officer know what “may” be helpful in imposing a sentence? Surely experience and discretionary judgment is at play in deciding what makes the final cut presented to the judge.
Were the rule otherwise, and the probation office served only as a kind of judicial postal service, one might also ask why Rule 32 affords so many opportunities for parties to submit statements, representations, writings or documents “to a judge.” For example, before defendant is sentenced, he or she must be given the chance to review and object to the PSR. Fed. R Crim. P. 32(f). The court, in turn, may accept only undisputed portions of the PSR as its findings of fact. Id. R. 32(i)(3)(A). The parties may also present additional evidence to the judge concerning any unresolved objections. See id. R. 32(i)(2). And the judge is required to rule on any unresolved objections prior to sentencing. See id. R. 32(i)(3)(B). At the sentencing hearing itself, “the court ... must allow the parties’ attorneys to comment on the probation officer’s determinations and other matters relating to an appropriate sentence.” Id. R. 32(i)(l)(C) (emphasis added). And, before imposing a sentence, the defendant must be afforded an opportunity to speak to the court. Id. R. 32(i)(4)(A). If the probation officer were merely a faithful delivery agent, transmitting documents from defendants to judges unadorned, rather than someone who employs independent discretion in *625 making judgments and recommendations, none of these procedures would be necessary.
All this is by way of saying that providing information to a probation officer in the course of the probation officer’s presentence investigation involves decidedly something more than making a “submifssion] ... to a judge” — even if it might be characterized as involving that as well. Section 1001(a) criminalizes false statements made in any matter within the jurisdiction of any branch of government, including the judiciary, and Section 1001(b) excepts only statements “submitted ... to a judge or magistrate” in the course of a judicial proceeding. Other false statements, including those made to a probation officer while acting within the jurisdiction of the judicial branch in performing a presentence investigation, are thus federal crimes within the plain terms of Section 1001(a).

. There are, of course, additional limitations for frauds and false statements made within the jurisdiction of the legislative branch. See 18 U.S.C. § 1001(c).

. See also 17 Oxford English Dictionary 46 (2d ed.1989) (defining the term to submit as meaning, in this sense, "[t]o bring under a person’s view, notice, or consideration; to refer to the decision or judgement of a person; to bring up or present for criticism, consideration, or approval.”).

. The fact that the defendant must also submit service copies to opposing counsel is likewise part of the process of submitting materials to a judge, see, e.g., Fed.R.Crim.P. 49(a) (requiring service of all motions or similar papers to every other party), and thus the government cannot of course prosecute false statements it receives by that means. The falsity presented to the prosecutor in such *623 instance, like filing motions with the clerk, cannot be uncoupled from the protected submission to the judge; copies of the documents are served on the prosecutor only by virtue of, and as part of, their submission to a judge.